IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELECTRICAL ALLIANCES, LLC, an Oklahoma limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> UNLIMITED CONTRACTORS, LLC, an Arkansas limited liability company, <br><br> Defendant. | Case No. 25-CV-00182-SEH-SH |

## OPINION AND ORDER

Before the Court is Plaintiff Electrical Alliances, LLC's ("EA") objection [ECF No. 33] to the report and recommendation of United States Magistrate Judge Susan E. Huntsman [ECF No. 23] and EA's application for status conference [ECF No. 35]. Upon *de novo* review, the Court agrees with Judge Huntsman's conclusion that EA has failed to plead facts sufficient to show the Court has subject-matter jurisdiction and that EA's motion for default judgment [ECF No. 19] should be denied. Therefore, the Court accepts Judge Huntsman's report and recommendation [ECF No. 23], overrules EA's objection [ECF No. 33], denies its motion for default judgment [ECF No. 19], and denies as moot its application for status conference [ECF No. 35].

## I. Background

EA brought this action against Defendant Unlimited Contractors, LLC ("UC") in April 2025, seeking damages for breach of contract. [ECF No. 2]. As relevant here, the complaint alleges that both EA and UC are limited liability companies. [*Id.* at ¶¶ 1–2]. It further alleges that the Court has diversity jurisdiction over the parties and subject matter. [*Id.* at ¶ 3]. EA's corrected disclosure statement shows that KAZA Asset Management, LLC is its sole member, and the members of KAZA are "Zachary Paul Smith, Sr., Trust (Oklahoma) and Kathy Lynn Smith Trust (Oklahoma)." [ECF No. 10 at 2].

EA filed a return of service demonstrating UC was served with the complaint on April 18, 2025. [ECF No. 11]. After UC failed to timely answer or file a responsive pleading, EA filed a motion for entry of default. [ECF No. 12]. The motion was granted, and the Clerk's entry of default was entered on June 6, 2025. [ECF No. 17].

A month after entry of default, the Court directed EA to show cause as to why the action should not be dismissed for failure to prosecute. [ECF No. 18]. On July 29, 2025, EA moved for default judgment. [ECF No. 19]. In response to the Court's show cause order, EA attributed its delay in seeking default judgment to attempting to resolve its claim through a surety. [ECF No. 21].

The Court referred the motion for default judgment to Judge Huntsman for a report and recommendation. [ECF No. 22]. Judge Huntsman

recommended the motion be denied. [ECF No. 23]. She found no evidence in the record showing that the Court has subject-matter jurisdiction. [*Id.* at 1].

About a week following Judge Huntsman's recommendation, UC filed an answer. [ECF No. 24]. In its answer, UC denied that this Court had diversity jurisdiction. [*Compare* ECF No. 2 at ¶ 3 *with* ECF No. 24 at ¶ 3]. UC also filed a disclosure statement showing that it is a limited liability company with two members. [ECF No. 27].

EA objects to Judge Huntsman's recommendation, contending that UC filed its answer out of time without first seeking leave from the Court. [ECF No. 33 at 2–3]. As to jurisdiction, EA argues that the Court should abstain from ruling on Judge Huntsman's recommendation until it determines UC's citizenship. [*Id.* at 4]. According to EA, if UC's "corrected Disclosure statement indicates that its two members are citizens of states other than Oklahoma, then subject matter jurisdiction exists[.]" [*Id.*].

Following EA's objection, UC filed an amended disclosure statement, listing its members as "Keith Coleman - Arkansas" and "Anthony Auxier - Arkansas." [ECF No. 34 at 2].

EA now brings an application requesting a status conference. [ECF No. 35]. Alternatively, EA requests the Court grant its motion for default judgment because UC's amended disclosure statement specifies that its "only two members … are citizens of the State of Arkansas." [*Id.* at 2–3]. Because

3

the Court remains unconvinced that this action should not be dismissed for lack of subject-matter jurisdiction, both requests are denied.

## II. Discussion

A district judge may designate a magistrate judge to hear, determine, and submit "proposed findings of fact and recommendations for disposition" of any "pretrial matter dispositive of a claim or defense." 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, *the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.*" *Dennis Garberg & Associates, Inc. v. Pack-Tech Intern Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986) (emphasis added)). Subject-matter jurisdiction may be raised at any time during proceedings, even on the court's own motion. *Bd. of Cty.*

4

*Comm'rs for Garfield Cty., Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Here, EA has not met its burden. The complaint asserts only state law claims and alleges this Court has diversity jurisdiction. [ECF No. 2 at ¶ 3]. In this case, diversity jurisdiction requires that the plaintiff and defendant be citizens of different states. 28 U.S.C. § 1332(a)(1). As limited liability companies, EA and UC are citizens of each and every state in which their members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). "[I]f any member of an unincorporated entity is itself an unincorporated entity, then the [party asserting diversity jurisdiction] must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025) (quotation omitted). Based upon UC's amended disclosure statement, the Court finds UC is a citizen of Arkansas. [ECF No. 34]. However, the record is devoid of facts sufficient to determine EA's citizenship.

5

In its corrected disclosure statement, EA lists its sole member as KAZA Asset Management, LLC ("KAZA"). [ECF No. 10 at 2]. It then lists members of KAZA as "Zachary Paul Smith, Sr., Trust (Oklahoma) and Kathy Lynn Smith Trust (Oklahoma)." [*Id.*]. This is not enough. EA must show that the trusts are either traditional or business trusts, identify the trustees or members of each, and provide sufficient facts to determine the citizenship of each trust before the Court can determine the citizenship of EA.

The citizenship of a traditional trust depends on the citizenship of its trustees. *ADA Carbon Sols. (Red River), LLC*, 146 F.4th at 1304. But a "non-traditional trust," also called a "business trust," "takes the citizenship of all its members." *Id.* at 1304–05. "[T]o determine whether a trust is traditional, courts must look to the laws of the state where the trust is formed, with the primary consideration being whether the trust exists as a fiduciary relationship or as a separate legal entity." *Id.* at 1305. And if non-traditional, "to determine [its] members, courts must again look to state law to ascertain who is in the same position as those who have been designated members of other unincorporated entities, such as partners, shareholders, or others with ownership interests." *Id.* (citation and internal quotation marks omitted).

EA does not allege any information from which the Court can determine if the trust members of KAZA are traditional or business trusts. If the trusts are business trusts, then EA must additionally provide the facts necessary

6

under state law for identifying the "members" of those trusts, which includes at least identifying the beneficiaries of each and the facts needed to determine each beneficiary's citizenship.

### III.  Conclusion

Upon *de novo* review, the Court agrees with Judge Huntsman's recommendation to deny EA's motion for default judgment [ECF No. 19]. EA has failed to plead facts showing this Court has subject-matter jurisdiction, and the record does not reflect that EA has corrected its failure through any post-default declaration or amended complaint.

Therefore, the Court ACCEPTS Judge Huntsman's Report and Recommendation [ECF No. 23] and OVERRULES the objection [ECF No. 33]. EA's Motion for Default Judgment [ECF No. 19] is DENIED. EA's Application for Status Conference [ECF No. 35] is DENIED as moot.

The Court orders EA to show cause as to why this action should not be dismissed for lack of jurisdiction **within 21 days** of entry of this order. In lieu of showing cause, EA is granted leave to amend the complaint to sufficiently plead subject-matter jurisdiction.

**IT IS SO ORDERED** this 6th day of February, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE